UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-943-DMG (RAOx) | Date | December 8, 2020 |
|---|---|---|---|
| Title | *Incredible Features, Inc., et al. v. BackChina, LLC* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFFS' MOTION TO DISMISS [36]**

Before the Court is Plaintiffs Incredible Features, Inc., Jeffrey R. Werner, and Brian R. Wolff's Motion to Dismiss ("MTD") the Counterclaims filed by Defendant BackChina, LLC. [Doc. # 36.] For the reasons set forth below, the MTD is **GRANTED**.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed a Complaint against Defendant for copyright infringement on January 29, 2020. [Doc. # 1.] Plaintiffs allege that Defendant infringed its copyrights by posting several photographs to its website without obtaining permission from Plaintiffs to do so. *See id.* Defendant filed its Answer on August 18, 2020, raising eight affirmative defenses and four counterclaims. [Doc. # 33.] The counterclaims all seek declaratory judgments that Defendant did not infringe Plaintiffs' copyrights due to the doctrines of the Digital Millennium Copyright Act ("DMCA") safe harbor, fair use, scènes à faire, and de minimis use. *Id.* Each of these counterclaims is identical to an affirmative defense that Defendant also asserts. *See id.* In its safe harbor counterclaim, Defendant alleges that "the photographs were posted by others on the blog portion of the website and promptly removed after notice." Counterclaims at ¶ 18.

On August 26, 2020, Plaintiffs filed the instant MTD, seeking to dismiss all the Counterclaims. They argue that the DMCA safe harbor counterclaim fails on the merits, and that all the Counterclaims should be dismissed because they are duplicative of the affirmative defenses. Defendant filed an Opposition on September 11, 2020, in which it notes that since filing its Counterclaims, it "discovered that the accused activities were performed by BackChina employees, not outside users," and so it consents to dismissing the safe harbor defense and Counterclaim. [Doc. # 37 at 2.] Defendant asserted that it would file an amended Answer and Counterclaims reflecting dismissal of the safe harbor defense and counterclaim, *id.* at 3, though it did not do so. Defendant opposes dismissal of the other counterclaims. *Id.*

Plaintiffs filed a Reply on September 18, 2020, in which they request that the Court grant them leave to file a motion for attorneys' fees, due to Defendant's counsel's alleged failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-943-DMG (RAOx) | Date | December 8, 2020 |
|---|---|---|---|
| Title | *Incredible Features, Inc., et al. v. BackChina, LLC* | Page | 2 of 3 |

perform due diligence in investigating and pleading the safe harbor defense and counterclaim. [Doc. # 39.]

## II.
## DISCUSSION

### A.  Safe Harbor Counterclaim

Plaintiff claims that because Defendant did not timely file or request leave to file amended counterclaims pursuant to Federal Rule of Civil Procedure 15, or move to voluntarily dismiss the safe harbor counterclaim pursuant to Rule 41, the dismissal of the safe harbor counterclaim should be on the merits.  Because Defendant admits that its safe harbor defense does not have factual support, the Court **DISMISSES** the safe harbor affirmative defense and counterclaim **with prejudice**.

### B.  Duplicative Counterclaims

Courts have the discretion to determine whether declaratory relief is necessary or proper. *See* 28 U.S.C. § 2201; *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002) ("The exercise of jurisdiction under the Federal Declaratory Judgment Act . . . is committed to the sound discretion of the federal district courts."). "Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (citation and internal quotation marks omitted).  Although Federal Rule of Civil Procedure 57 states that "the existence of another adequate remedy does not preclude a declaratory judgment," "the availability of other adequate remedies *may* make declaratory relief inappropriate." Fed. R. Civ. P. 57; *United Safeguard Distribs. Ass'n, Inc. v. Safeguard Bus. Sys., Inc.*, 145 F. Supp. 3d 932, 960–61 (C.D. Cal. 2015); *accord Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (affirming district court dismissal of declaratory relief claim on the grounds that it was "merely duplicative" of plaintiff's other causes of action).

Defendant's first, second, and third counterclaims for declaratory relief are merely duplicative of its affirmative defenses.  The remedy they would provide—a judicial declaration that Defendant's actions did not amount to infringement—is exactly the same that successfully litigating its affirmative defenses would.  Defendant argues that the counterclaims would allow it to pursue a remedy in the event that Plaintiffs dismiss their claims, Opp. at 3, but Defendant could always object to a dismissal without prejudice, which Plaintiff can obtain only with Defendant's consent or by Court order. *See* Fed. R. Civ. P. 41(a)(1), (2).  Defendant also claims that its request for attorneys' fees gives the Court something new to adjudicate, Opp. at 3, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-943-DMG (RAOx)** | Date | December 8, 2020 |
|---|---|---|---|
| Title | *Incredible Features, Inc., et al. v. BackChina, LLC* | Page | 3 of 3 |

Defendant can still demand fees under applicable statutes if it is the prevailing party, without the need to raise duplicative counterclaims. *See* 17 U.S.C. § 505.

**C.     Leave to Move for Attorneys' Fees**

Plaintiffs claim that because Defendant's safe harbor counterclaim was "frivolously asserted," the Court should allow it to pursue attorneys' fees as the prevailing party on this Motion, pursuant to 17 U.S.C section 505, 28 U.S.C. section 1927, and Federal Rule of Civil Procedure 11. Reply at 7.

In its Counterclaims, Defendant alleges that the photographs at issue were posted on its website "by others." Counterclaims at ¶ 18. In its Opposition, Defendant admits that while "its counsel performed reasonable diligence to determine that BackChina's accused activities are protected by the Safe Harbor" in preparing its Answer, "[i]n the intervening time" it "discovered" that the photographs were actually posted "by BackChina employees." Opp. at 2. Defendant has seven employees. Jin Decl. ¶ 4 [Doc. 37-1]. Defendant did not disclose its discovery or otherwise indicate a willingness to withdraw the safe harbor defense or counterclaim until filing its Opposition. Supp. Carreon Decl. ¶ 4-5 [Doc. # 39-1].

Although Defendant's counsel's investigation into its allegations was clearly lacking and he should have conceded the issue during the course of the Local Rule 7-3 meet and confer efforts, Defendant nevertheless was forthcoming ultimately in admitting its error and consenting to dismissal in its Opposition. There is no indication that its pleading was made in bad faith. Therefore, Plaintiffs' request for leave to move for attorneys' fees is **DENIED**.

**III.
CONCLUSION**

In light of the foregoing, the Court **GRANTS** Plaintiffs' MTD. Defendant's DMCA safe harbor affirmative defense (Eighth Affirmative Defense) and fourth counterclaim are **DISMISSED with prejudice**. Defendant's first, second, and third counterclaims for declaratory relief are **DISMISSED without prejudice**.

 **IT IS SO ORDERED.**