UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-943 DMG (RAOx)** | | Date | December 9, 2020 |
|---|---|---|---|---|

| Title | ***Incredible Features, Inc., et al. v. BackChina, LLC*** | | Page | 1 of 2 |
|---|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE DEFENDANT'S *EX PARTE* APPLICATION [50]**

On December 4, 2020, Defendant filed a Motion for Leave to Amend ("MLA") its Answer and Counterclaims to add new defenses and counterclaims, along with an *ex parte* application ("EPA") to advance the hearing date of the MLA to December 30, 2020 so that it may be heard before the deadline for amending the pleadings.  [Doc. ## 49, 50.]  *See also* Scheduling and Case Management Order [Doc. # 48] (setting the amended pleadings cut-off for December 30, 2020 and clarifying that "[a]ll motions to add parties or to amend the pleadings must be noticed to be **heard** on or before the specified deadline").

As the Court previously warned the parties, *ex parte* applications are solely for extraordinary relief and should be used with discretion.  [Doc. # 9 (Initial Standing Order) at 10[1]; Doc. # 26 at 1.]  Accordingly, to justify *ex parte* relief, an applicant must make two separate showings.  "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Because the EPA essentially seeks to skirt the Court's deadline imposed in its Scheduling and Case Management Order, Defendant must also satisfy the "good cause" requirement of Federal Rule of Civil Procedure 16(b)(4).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).  "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification. . . .  If that party was not diligent, the inquiry should end.'"  *Wholesale Natural Gas*, 715 F.3d at 737 (quoting *Johnson*, 975 F.2d at 609).

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-943 DMG (RAOx)** | Date | December 9, 2020 |
|---|---|---|---|

| Title | *Incredible Features, Inc., et al. v. BackChina, LLC* | Page | 2 of 2 |
|---|---|---|---|

Defendant seeks to amend its Answer to add new defenses of a safe harbor under 17 U.S.C. § 512(d) and the statute of limitations. MLA at 4. According to Defendant, it first became aware of the availability of these defenses when investigating its responses to Plaintiff's discovery requests, which were served on November 4, 2020. EPA at 2. During this investigation, Defendant discovered that certain pictures posted on its website, which are the subject of Plaintiff's copyright infringement claims, were actually links to the images, rather than uploaded images. Jin Decl. ¶ 6 [Doc. # 50-1]. It also discovered that some of the images were removed from its website more than three years before Plaintiff filed suit. *Id.* at ¶ 7.

Defendant claims that its late filed MLA is excusable and not due to a lack of diligence because it did not become aware of these facts underlying its new defenses until after Plaintiff served its discovery requests. While Defendant's conduct in investigating its defenses was not the model of due diligence, it filed its MLA prior to the deadline for amendments and the hearing date, if regularly noticed under Local Rule 6-1, would have been two days later than the December 30, 2020 amendment deadline. Under these circumstances, where the two-day delay is *de minimis* and the delay poses no prejudice to Plaintiff, but the prejudice to Defendant is potentially great, the Court exercises its discretion to **GRANT** the EPA to shorten time. The hearing on the MLA shall be on **December 30, 2020 at 9:30 a.m.**, the opposition shall be filed by December 16, 2020, and the reply shall be filed by December 21, 2020. Defendant's counsel is forewarned, however, that any future failures to properly calendar deadlines or to otherwise comply with Court orders and rules shall result in the summary denial of future EPAs and/or the imposition of sanctions upon counsel.[2]

**IT IS SO ORDERED.**

---

[2] This is not the first time Defendant has demonstrated a lack of diligence. *See* March 6, 2020 Order [Doc. # 26].