1  Susan S.Q. Kalra, CA SBN 167940
   Email: susan@m-iplaw.com
2  MAHAMEDI IP LAW LLP
   1055 West 7th Street, Suite 3300
3  Los Angeles, CA 90017
   Telephone: (213) 433-5960
4  Fax: (408) 236-6641

5  William P. Ramey, III (*pro hac vice*)
   Email: wramey@rameyfirm.com
6  Donald H. Mahoney, III, TX Bar No. 24046336
    (admitted *pro hac vice*)
7  Email: tmahoney@rameyfirm.com
   RAMEY & SCHWALLER LLP
8  5020 Montrose Blvd., Suite 800
   Houston, Texas 77006
9  Telephone: (713) 426-3923
   Fax: (832) 689-9175

10

11 *Attorneys for Defendant*
   *BACKCHINA, LLC*

12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16 INCREDIBLE FEATURES, INC.;        Case No. 2:20-cv-00943-DMG-RAO
   JEFFERY R. WERNER; and BRIAN R.
   WOLFF,                           *Hon. Dolly M. Gee*
17
                   Plaintiffs,
18
                                     **BACKCHINA'S NOTICE OF AND**
19 v.                                **MOTION *IN LIMINE* NO. 1 TO**
                                     **EXCLUDE ANY EVIDENCE OR**
20 BACKCHINA, LLC; and DOES 1        **ARGUMENTS REGARDING**
   through 10 inclusive,            **OTHER CLAIMS OR LITIGATION**
21                                   **INVOLVING BACKCHINA;**
                   Defendants.       **MEMORANDUM OF POINTS AND**
22                                   **AUTHORITIES IN SUPPORT**
23
24                                   Hearing Date: January 18, 2022
25                                   Time:  4:00 p.m.
                                     Judge:  Hon. Dolly M. Gee
26                                   Courtroom:  8C
27
28

                                   1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 18, 2022 at 4:00 p.m. or as soon thereafter as the matter may be heard at the United States Courthouse, 350 West First St., Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, Defendant BackChina, LLC ("BackChina") will and hereby does move this Court for an order *in limine* excluding any and all evidence or argument offered by Plaintiffs at trial regarding other claims or litigation involving BackChina, as such evidence is irrelevant, risks unfair prejudice, imposes substantial delay by way of "mini-trials" and constitutes improper character evidence.

This motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, all the pleadings and papers filed herein, any argument or evidence that be presented to or considered by the Court prior to its ruling, and all else the Court deems fit.

Counsel for all parties met and conferred on this motion during the Rule 16-2 pre-trial conference, held on January 5, 2022.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF FACTS

Plaintiffs intend to offer evidence of prior litigations where Defendant BackChina was accused of copyright infringement to support their claim of willful infringement. This is evident in their proposed trial exhibit PX25,[1] the deposition of BackChina's principals Lily Jin and Kevin He,[2] and the Final Pre-Trial Order at ¶7(c)(2). They also showed their intent to use evidence of prior copyright infringements in their Motion for Summary Judgment on willful infringement.[3]

None of these matters involve the photographs or plaintiffs at issue in the instant case. None of these matters make any fact more or less likely as to whether an infringement is present in the current case, nor if any such infringement was willful. Instead, the proffered evidence and arguments have a substantial risk of prejudicing the jury. In addition, the evidence would cause serious undue delay on the proceedings, as each matter would present a "mini-trial" on the particular allegations. Finally, Plaintiffs have not produced any documents underlying these litigations or any opinion evidence comparing them to the instant case. Many of these litigations never resulted in a finding of liability and none resulted in a final judgment on damages.

---

[1] Ex. A, PX25.
[2] Ex. B, He Depo. Tr. At 77-82; Ex. C, Jin Depo. Tr. at 70-74.
[3] Doc. No. 63 at 18.

## II.   LEGAL STANDARD

Federal Rule of Evidence 402 mandates that only relevant evidence is admissible at trial. *See also U.S. v. Dean*[4] ("Only evidence that is relevant is admissible"). The definition of relevant evidence" is restricted to that which "…has any tendency to make a fact more or less probable than it would be without the evidence; and …the fact is of consequence in determining the action." Fed. R. Evid. 401.

In addition, beyond simply being relevant, evidence must not be either unfairly prejudice or unduly wasteful of time. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Finally, even relevant shall not be admitted to prove actions in conformity with a trait or character. Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

Because of the above, evidence, reference, or argument regarding other actions or claims involving works other than the one subject to the complaint should be excluded from copyright matters. *Wall Data Inc. v. L.A. County Sheriff's Dep't* [5]

---

[4] 980 F. 2d 1286, 1288 (9th Cir. 1992)
[5] 447 F.3d 769, 783 (9th Cir. 2006)

(excluding evidence of products unrelated to the product at issue in the copyright litigation); *Fahmy v. Jay Z, et al.*[6] (J. Snyder) (excluding evidence of prior unrelated copyright infringement claims as "minimally probative to establish the defendants' willfulness" while "carrying a substantial risk of prejudicing the jury" and "result[ing] in mini-trials [which would] unduly delay" the trial). Indeed, this Court excludes such evidence:

> In light of these assertions, and without any evidence that the cases are related or particularly relevant on the issue of willfulness, the Court concludes that BackChina's involvement in unrelated claims, lawsuits, and cease and desist letters is irrelevant to plaintiff's claim of infringement and the issue of willfulness.[7]

## III.   ARGUMENT

### 1. The Evidence is Irrelevant.

Plaintiff intends to offer sixteen unrelated claims and lawsuits involving BackChina, as purported proof of willful infringement. However, many of those unrelated claims resulted in a finding of liability and none led to a final judgment on damages. Mere allegations of unrelated photographs and activities make no fact more or less likely on the question of whether BackChina willfully infringed the copyrights at issue here. Accordingly, the evidence is irrelevant.

---

[6] 2:07-cv-05715, 2015 WL 5680299, at *15 (C.D. Cal. Sept. 24, 2015)
[7] *Fabric Selection, Inc. v. NMW Import, Inc.*, No. 2:16-cv-08558-CAS(MRWx), 2018 U.S. Dist. LEXIS 62334 at *20-21 (C.D. Cal. Apr. 11, 2018).

### 2. The Evidence is Unfairly Prejudicial and a Waste of Time.

Introducing these unrelated and unresolved allegations to the jury risk substantial, unfair prejudice to BackChina in the eyes of the jury. Plaintiff would use the evidence to paint BackChina as serial infringers and reckless businesspeople, despite the fact that many of the claims did not result in a finding of infringement, and none resulted in a damages decision.  This risks impugning the character of BackChina, without any actual proof of wrongdoing. It is unfair and should not be allowed.

In addition, as BackChina would surely have a right to respond to each of the presented unrelated allegations, the trial would turn into dozens of "mini-trials" whereby BackChina would be forced to present evidence and argument to explain each unrelated allegation and show the jury it is not evidence of willfulness. This would be a massive and undue delay and burden on the trial, and the Court should prevent it.

Both of the above provide separate independent basis under Rule 403 to exclude the evidence.

### 3. The Evidence is Improper Character Evidence.

To the extent Plaintiffs offer this evidence to suggest BackChina has a "habit" of infringing on copyrighted photographs, it is an improper attempt. "Habit 'describes

one's regular response to a repeated specific situation.' " *United States v. Angwinz*[8] (quoting Fed. R. Evid. 406 advisory committee note) (describing conduct that qualifies as habit as "semi-automatic") *overruled on other grounds in United States v. Lopez*, 484 F.3d 1186, 1192 (9th Cir. 2007).

Even where a copyright defendant was found on *multiple* occasions to have *actually* infringed, evidence of those findings of liability are still insufficient to support a theory of habit, and would still need to be excluded under Rule 403, because it fails to raise to the level of "semiautomatic" behavior. *See Classical Silk, Inc.*[9] Accordingly, where there are merely settled allegations of unrelated infringement, that would run afoul of Rule 403 too. None of the unrelated, dismissed allegations could possibly be said to constitute "semi-automatic" corporate behavior.

## IV. CONCLUSION

For all the above reasons, the Court should grant BackChina's Motion in Limine No. 1.

Dated: January 6, 2022                    Respectfully submitted,

MAHAMEDI IP LAW LLP

/s/ Susan S.Q. Kalra
Susan S.Q. Kalra, CA SBN 167940
1055 West 7th Street, Suite 3300
Los Angeles, CA 90017
Telephone: (213) 433-5960
Fax: (408) 236-6641
Email: susan@m-iplaw.com

---

[8] 271 F.3d 786, 799 (9th Cir. 2001).
[9] No. CV1409224ABMRWX, 2016 WL 7638112, at *11 (C.D. Cal. Mar. 21, 2016).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RAMEY & SCHWALLER LLP

/s/ Donald H. Mahoney, III
William P. Ramey, III (*pending pro hac vice*)
Donald H. Mahoney, III (admitted *pro hac vice*)
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

***Attorneys for Defendant***
***BACKCHINA, LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of January 6, 2022, with a copy of the foregoing via email and ECF filing.

/s/ William P. Ramey, III
William P. Ramey, III