Susan S.Q. Kalra, CA SBN 167940
Email: susan@m-iplaw.com
MAHAMEDI IP LAW LLP
1055 West 7th Street, Suite 3300
Los Angeles, CA 90017
Telephone: (213) 433-5960
Fax: (408) 236-6641

William P. Ramey, III (*pro hac vice*)
Email: wramey@rameyfirm.com
Donald H. Mahoney, III, TX Bar No. 24046336
 (admitted *pro hac vice*)
Email: tmahoney@rameyfirm.com
RAMEY & SCHWALLER LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

***Attorneys for Defendant
BACKCHINA, LLC***

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INCREDIBLE FEATURES, INC.; JEFFERY R. WERNER; and BRIAN R. WOLFF,<br><br>Plaintiffs,<br><br>v.<br><br>BACKCHINA, LLC; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:20-cv-00943-DMG-RAO<br><br>*Hon. Dolly M. Gee*<br><br>**BACKCHINA'S NOTICE OF AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE ANY EVIDENCE OR ARGUMENTS REGARDING PRIOR *EVOLVE* AND *PRICEONOMICS* LITIGATION**<br><br>Hearing Date: January 18, 2022<br>Time: 4:00 p.m.<br>Judge: Hon. Dolly M. Gee<br>Courtroom: 8C |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 18, 2022 at 4:00 p.m. or as soon thereafter as the matter may be heard at the United States Courthouse, 350 West First St., Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, Defendant BackChina, LLC ("BackChina") will and hereby does move this Court for an order *in limine* excluding any and all evidence or argument offered by Plaintiffs at trial regarding other claims or litigation involving BackChina, as such evidence is irrelevant, risks unfair prejudice, imposes substantial delay by way of "mini-trials" and constitutes improper character evidence.

This motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, all the pleadings and papers filed herein, any argument or evidence that be presented to or considered by the Court prior to its ruling, and all else the Court deems fit.

Counsel for all parties met and conferred on this motion during the Rule 16-2 pre-trial conference, held on January 5, 2022.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Plaintiffs intend to offer evidence of prior litigations *Werner v. Evolve Media LLC* and *Werner v. Priceonomics* as part of its damages case.[1] However, these litigations are irrelevant and unfairly prejudicial to BackChina in this case.

### *Werner v. Evolve Media LLC*

This case is not mentioned in Plaintiffs' Supplemental Responses to BackChina's Interrogatories Nos. 6-7.[2] Plaintiffs did not produce any of the case papers during discovery. Plaintiffs' designated expert witness, Mr. Elsner, mentions this case in his report, but not by case number or cite.[3] More specifically, Mr. Elsner mentions a June 22, 2020 Order Granting Damages and that he was providing a copy of it with his report (he did not provide a copy).[4] A search for the case yielded *Werner v. Evolve Media, LLC*, No. 2:18-cv-07188-VAP-SK (C.D. Cal.) ("Evolve case").

In the Evolve case, four photographs were at issue, and none are in common with those here.[5] Also, unlike the instant case, Plaintiff Werner[6] moved for summary

---

[1] Ex. A, Elsner Report at 2, 10-12.
[2] Ex. B, Supp. Resp. to Interrogatories 6-7 at 7-11.
[3] Ex. A, Elsner Report at 2, 10-12.
[4] *Id*. at 2, 10.
[5] *Compare* Doc. Nos. 1-1 to 1-10 with *Werner v. Evolve Media, LLC*, No. 2:18-cv-07188-VAP-SK (C.D. Cal.) Doc. Nos. 1-1 to 1-8.
[6] Plaintiffs Wolff and Incredible Features were not parties to the Evolve litigation.

3

judgment and Defendants did not oppose.[7] Here, BackChina opposed Werner's motion for summary judgment. According to the Elsner report, in the Evolve case, Werner was awarded $62,787 for each of four images.[8] However, the Order Granting Plaintiff's Motion for Damages in the Evolve case awarded $200,000 in statutory damages to Werner for the use of four photographs (only one potentially in common with those here), not ***any*** actual damages and not an average of $62,787 in damages for each of the four photographs at issue there.[9] So, not only is Evolve irrelevant, unfairly prejudicial, and not disclosed during discovery, it is not even correctly described by Plaintiffs' designated expert.

Lastly, the Evolve case is not used at all in Mr. Elsner's damages calculations.[10] Instead, Mr. Elsner bases his calculations entirely on the average value of a set of thirty five unrelated settlement agreements.[11] Moreover, Mr. Elsner's calculations are for actual damages only, while the Evolve case's calculations are for statutory damages only.

<u>Werner v. Priceonomics</u>

This case is not mentioned in Plaintiffs' Supplemental Responses to

---

[7] *Werner v. Evolve Media, LLC*, No. 2:18-cv-07188-VAP-SK, 2020 WL 4012784 at *1 (C.D. Cal.) at Doc. No. 81, pg. 1.
[8] Ex. A at 11-12.
[9] *Id*. at 10.
[10] *Id*. at 12-15.
[11] *Id*.

BackChina's Interrogatories Nos. 6-7.[12] Plaintiffs did not produce any of the case papers during discovery. Plaintiffs' designated expert witness, Mr. Elsner, mentions this case in his report, but not by case number or cite.[13] Mr. Elsner mentions a Consent Judgment in the Priceonomics case, but did not include it with his report.[14] A search for the case yielded *Werner v. Priceonomics, Inc.*, No. 4:20-cv-04006-HSG (N.D. Cal.). None of the photos at issue there are the same as those at issue here.[15] The Consent Judgment stated that damages were "[p]ursuant to the methodology set forth in the" Evolve case, meaning that the amount is statutory, rather than actual, damages.[16] Again, Mr. Elsner gives no opinion on statutory damages, only actual damages. Mr. Elsner makes it a point in his report that he is not relying on the *Priceonomics* case.[17]

## II. LEGAL STANDARD

Federal Rule of Evidence 402 mandates that only relevant evidence is admissible at trial. *See also U.S. v. Dean*[18] ("Only evidence that is relevant is admissible"). The definition of relevant evidence" is restricted to that which "…has

---

[12] Ex. B, Supp. Resp. to Interrogatories 6-7 at 7-11.
[13] Ex. A, Elsner Report at 2, 10-12.
[14] *Id*.
[15] *Compare* Doc. Nos. 1-1 to 1-10 with *Werner v. Priceonomics, Inc.*, No. 4:20-cv-04006-HSG (N.D. Cal.) Doc. No. 1-1.
[16] *Werner v. Priceonomics, Inc.*, No. 4:20-cv-04006-HSG (N.D. Cal.) at Doc. No. 35 at 2.
[17] Ex. A at 10-11.
[18] 980 F. 2d 1286, 1288 (9th Cir. 1992).

any tendency to make a fact more or less probable than it would be without the evidence; and …the fact is of consequence in determining the action." Fed. R. Evid. 401.

In addition, beyond simply being relevant, evidence must not be either unfairly prejudice or unduly wasteful of time. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

Because of the above, evidence, reference, or argument regarding other actions or claims involving works other than the one subject to the complaint should be excluded from copyright matters. *Wall Data Inc. v. L.A. County Sheriff's Dep't* [19] (excluding evidence of products unrelated to the product at issue in the copyright litigation); *Fahmy v. Jay Z, et al.*[20] (J. Snyder) (excluding evidence of prior unrelated copyright infringement claims as "minimally probative to establish the defendants' willfulness" while "carrying a substantial risk of prejudicing the jury" and "result[ing] in mini-trials [which would] unduly delay" the trial).  Indeed, this Court excludes such evidence:

> In light of these assertions, and without any evidence that the cases are related or particularly relevant on the issue of willfulness, the Court concludes that BackChina's involvement in unrelated claims, lawsuits,

---

[19] 447 F.3d 769, 783 (9th Cir. 2006).
[20] 2:07-cv-05715, 2015 WL 5680299, at *15 (C.D. Cal. Sept. 24, 2015).

and cease and desist letters is irrelevant to plaintiff's claim of infringement and the issue of willfulness.[21]

### III. ARGUMENT

#### *1. The Evidence is Irrelevant and Unfairly Prejudicial*

Plaintiff intends to offer the unrelated *Evolve* and *Priceonomics* lawsuits involving other photographs and other infringement defendants and circumstances as purported proof related to actual damages. This is improper.[22] These unrelated claims and activities make no fact more or less likely on the question of actual or statutory damages. Accordingly, the evidence should be excluded

#### *2. The Evidence Was Not Disclosed In Discovery*

Plaintiffs did not produce these litigation papers or cite to them in their Supplemental Responses to Interrogatories Nos. 6-7 on damages.[23] They were first mentioned after the close of fact discovery. Accordingly, the papers and testimony about them should be excluded.[24]

---

[21] *Fabric Selection, Inc. v. NMW Import, Inc.*, No. 2:16-cv-08558-CAS(MRWx), 2018 U.S. Dist. LEXIS 62334 at *20-21 (C.D. Cal. Apr. 11, 2018).
[22] *Id*.
[23] Ex. B at 6-11.
[24] Fed. R. Civ. P. 26(e); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2021 WL 3155574 at *6 (N.D. Cal. 2012) ("[T]he parties needed to crystallize and disclose their theories and contentions in a timely manner. [Defendant's] failure to timely disclose its amended answers to contention interrogatories until after the close of discovery impeded [plaintiff's] ability to conduct fact discovery on the undisclosed theories.").

### 3. Mr. Elsner Describes Evolve Incorrectly And Uses Neither Case In His Calculations

The Elsner report incorrectly states that in the Evolve case Werner was awarded $62,787 for each of four images.[25] Instead, the Order Granting Plaintiff's Motion for Damages in the Evolve case awarded an average of $50,000 for the use of four photographs ($200,000 total).[26] The Evolve award was for statutory damages only, but Mr. Elsner has no opinions on statutory damages, only actual damages. Mr. Elsner plainly states that he did not use the *Priceonomics* case in his calculations.[27] As Mr. Elsner is objectively incorrect about the Evolve case and used neither Evolve nor Priceonomics in his calculations, his discussion on them is irrelevant, risks unfair prejudice to BackChina, and Mr. Elsner should be precluded from testifying about them.

**CONCLUSION**

For all the above reasons, the Court should grant BackChina's Motion in Limine No. 3.

Dated: January 6, 2022           Respectfully submitted,

                                 MAHAMEDI IP LAW LLP

                                 /s/ Susan S.Q. Kalra
                                 Susan S.Q. Kalra, CA SBN 167940
                                 1055 West 7th Street, Suite 3300
                                 Los Angeles, CA 90017
                                 Telephone: (213) 433-5960
                                 Fax: (408) 236-6641
                                 Email: susan@m-iplaw.com

---

[25] Ex. A at 11-12.
[26] *Id*. at 10.
[27] *Id*. at 11.

RAMEY & SCHWALLER LLP

/s/ Donald H. Mahoney, III
William P. Ramey, III (*pending pro hac vice*)
Donald H. Mahoney, III (admitted *pro hac vice*)
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

***Attorneys for Defendant***
***BACKCHINA, LLC***

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of January 6, 2022, with a copy of the foregoing via email and ECF filing.

/s/ William P. Ramey, III
William P. Ramey, III