**MOTION IN LIMINE 3
EXHIBIT B**

Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
JEFFERY R. WERNER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INCREDIBLE FEATURES, INC.; JEFFERY R. WERNER; and BRIAN R. WOLFF<br><br>Plaintiffs,<br><br>v.<br><br>BACKCHINA, LLC.; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:20-cv-00943-DMG-RAO<br><br>**PLAINTIFFS' SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:** BackChina, LLC

**RESPONDING PARTIES:** Incredible Features, Inc., Jeffery R. Werner, and Brian R. Wolff

**SET NO.:** One

---

1

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES SET ONE**
Exhibit B
-38-

## GENERAL RESPONSES

Plaintiffs Incredible Features, Inc., Jeffery R. Werner, and Brian R. Wolff ("Responding Party") submit these supplemental responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of the First Set of Requests for Admission. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production, revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Interrogatory to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

2
**SUPPLEMENTAL RESPONSE TO INTERROGATORIES SET ONE**
Exhibit B
-39 -

## GENERAL OBJECTIONS

Responding Party makes the following general objections:

1. Responding Party objects to each Interrogatory to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2. Responding Party objects to the requests on the ground that the information sought is not relevant to the subject matter of this action nor proportionate to the needs of the case.

3. Responding Party objects to the Requests on the ground that the Interrogatories are overbroad, vague and ambiguous.

4. Responding Party objects to the requests on the ground that the requests seek information that is equally available to the requesting party.

5. Responding Party reserves the right to object to the introduction into evidence, at the trial or any other proceeding, of any information provided pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

6. Responding Party objects to the requests on the ground that the information requested has been previously provided and/or made available in this litigation or prior to this litigation.

7. Responding Party objects to the requests on the ground that the individual Interrogatories are compound, conjunctive or disjunctive.

8. Responding Party objects to the requests on the ground that the individual Interrogatories are not complete in and of themselves and are, therefore, impermissible.

9. Responding Party objects to the requests on the ground that the individual Interrogatories call for a legal conclusion or an expert opinion.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in full detail each unauthorized activity by BackChina with the Image(s), including an identification of each publication, whether in print or electronic of the Image(s) for which BackChina is responsible, and describe all documents related to your response and identify them by production number.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to the phrases "describe in full detail;" "an identification of each publication;" "identify;" "Image(s);" and "all documents related to" as vague and ambiguous. Responding Party objects to this Interrogatory insofar as it is not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Responsive documents are produced as Werner015658-015663, 015669-015862.

**INTERROGATORY NO. 2:**

If you contend that BackChina copied the Image(s), then describe in full detail the circumstances of the copying, who copied the Image(s), when the copying occurred, the source from which the Image(s) was copied, the country where the source is kept or originated, and describe all documents related to your response and identify them by production number.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to the phrases "describe in full detail;" "the country where the source is kept or originated;" "identify;" "Images(s)" and "all documents related to" as vague and ambiguous. Responding Party objects to this Interrogatory insofar as it is not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Responsive documents are produced as Werner015658-015663, 015669-015862.

**INTERROGATORY NO. 3**

Describe in full detail the chain of ownership of the Images(s), including an identification of each owner, circumstances of change of ownership, and describe all documents related to your response and identify them by production number.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to the phrases "describe in full detail;" and "Image(s)" as vague and ambiguous. Responding Party objects to this Interrogatory insofar as it is not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Without

waiving the forgoing objection, Responding Party responds as follows:

Incredible Features, Inc., Jeffery R. Werner, and Brian R. Wolff are the creators and exclusive rights holder to the photographs at issue and have been the sole owner of all rights to said photographs from creation to present. Incredible Features, Inc., Jeffery R. Werner, and Brian R. Wolff can be contacted through counsel. Documents related to this response include the registration certificate issued by the United States Copyright Office; the application for registration and accompanying deposit materials. Responsive documents are produced as Werner Werner015864-015881.

**INTERROGATORY NO. 4:**

Describe in full detail the registration of copyright, if any, of the Image(s), including an identification of each registrant, circumstances of registration, and describe all documents related to your response and identify them by production number.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to the phrases "describe in full detail;" "identify;" and "Image(s)" as vague and ambiguous. Responding Party objects to this Interrogatory insofar as it is not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Responsive documents are produced as Werner015864-015881.

**INTERROGATORY NO. 6:**

If you contend that the Image(s) have actual value, describe in full detail the basis for that contention, including, to the extent you contend it relates to the actual value, the market for the Image(s), licenses or sales of the Image(s), comparable licenses or sales of other photographs, market research or reports on comparable licenses or sales, industry standards on market values of such images, publications related to market values of such images, and describe all documents related to your response and identify them by production number.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to the phrases "If you contend that the Image(s) have actual value;" "to the extent you contend it relates to the actual value;" "the market for the Image(s);" "market research or reports on comparable licenses or sales;" "industry standards on market values of such images;" "publications related to market values of such images;" "Image(s);" "describe in full detail;" and "identify" as vague and ambiguous. Responding Party objects to this Interrogatory insofar as it is not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Responsive documents are produced as Werner014399-014403, 014420-014421, 014432-014436, 014453-014457, 014463, 014468, 014479, 014495, 014559, 014590, 014710, 014718, 014759, 014772, 014826, 014926-014935, 014946-014947, 014957, 015009, 015020, 015050-015055, 015068, 015090-

015095, 015109-015110, 015116, 015127, 015143-015148, 015154, 015165, 015171, 015183-015184, 015189, 015216, 015257, 015292-015296, 015318, 015357, 015362015371-015375, 015433-015437, 015462, 015469, 015475, 015520, 015526, 015576-015580, 015581-015582, 015598-015602, 015629, 015635, and 015882-015885.

On the individual invoices, the field "client name" indicates the licensing party; the field "Photos Published" the field "Photo Use Fee" indicates the amount paid for that license period; the field "Story Name" indicates the name of the story to which the photograph(s) relate; the field "Publication" indicates the publication in which the photograph(s) appeared; the field "Rights Granted" indicated the territorial rights and length of use granted under the license; the field "No. Photos" indicates the number of photographs license.

On the monthly sales reports the field "client name" indicates the licensing party; the field "Photo Use Fee" indicates the amount paid for that license period; the field "Story Name" indicates the name of the story to which the photograph(s) relate; the field "Publication" indicates the publication in which the photograph(s) appeared; the field "Rights Granted" indicated the territorial rights granted under the license; the field "No. Photos" indicates the number of photographs licensed.

**INTERROGATORY NO. 7:**

Describe in full detail the basis for any claim for damages by Plaintiffs, including but limited to lost profits, the royalty base and rate, and identify all documents relevant to your response by production number.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to the phrases "including but limited to;" "the royalty base and rate;" "describe in full detail;" and "identify" as vague and ambiguous. Responding Party objects to this Interrogatory insofar as it is not relevant to any of the parties' claims or defenses raised, not proportional to the

needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party contends that it is entitled to recover damages in the form of, *inter alia*, actual damages and Defendant's profits or statutory damages pursuant to 17 U.S.C. § 504(b) and (c) at Responding Party's election.

Responding Party calculates actual damages as follows: Responding Party licenses photographs to web publications by charging a monthly fee for use of its photographs. Responding Party utilizes the industry-standard software FotoQuote to generate market value license fees to charge various publications. FotoQuote allows a user to input a number of individual factors to generate an estimated licensing figure based on actual sales records from photographers and photo buyers and compiled by fotoQuote, in order to ensure that figure generated comports with the actual market value of similar Rights Managed photographs. Once the various factors are selected, fotoQuote then generates a low, medium, and high licensing figure that the photographer can use to negotiate a license.

Here, for the type usage of the Photographs by BackChina the fotoQuote license figure estimation presents a low, medium, and high range figure of $309 per month, $413 per month, and $619 per month. Documents related to the fotoQuote estimate are produced as Werner015882-015885. Using the fotoQuote estimate Responding Party's actual damages in this case would calculated be as follows:

**Femskin Images**

4 photographs used for approx. 47 months

**Low:** 4 Photographs x 47 months x $309 per month = $58,092

**Medium:** 4 Photographs x 47 months x $413 per month = $77,644

**High:** 4 Photographs x 47 months x $619 per month = $116,372

**Buffalo Whisperer Images**

2 photographs used for approx. 43 months

**Low:** 2 Photographs x 43 months x $309 per month = $26,572

**Medium:** 2 Photographs x 43 months x $413 per month = $35,518

**High:** 2 Photographs x 43 months x $619 per month = $53,234

**Snuggery Images**

8 photographs used in three separate articles for approx. 41, 43, and 52 months respectively

**Low:**   3 Photograph x 41 months x $309 per month = $38,007

3 Photograph x 43 months x $309 per month = $39,861

6 Photograph x 52 months x $309 per month = $96,408

**Medium:** 3 Photograph x 41 months x $413 per month = $50,799

3 Photograph x 43 months x $413 per month = $53,277

6 Photograph x 52 months x $413 per month = $128,856

**High:**  3 Photograph x 41 months x $619 per month = $152,274

3 Photograph x 43 months x $619 per month = $159,702

6 Photograph x 52 months x $619 per month = $193,128

**Amazon Eve Images**

6 photographs used for approx. 89 months

**Low:** 6 Photograph x 89 months x $309 per month = $165,006

**Medium:** 6 Photograph x 89 months x $413 per month = $220,542

**High:** 6 Photograph x 89 months x $619 per month = $330,546

**Huntress Images**

11 photographs used for approx. 55 months

**Low:** 11 Photograph x 55 months x $309 per month = $186,945

**Medium:** 11 Photograph x 55 months x $413 per month = $249,865

**High:** 11 Photograph x 55 months x $619 per month = $374,495

**Giraffe Woman Images**

6 photographs used for approx. 15 months

**Low:** 6 Photographs x 15 months x $309 per month = $27,810

**Medium:** 6 Photographs x 15 months x $413 per month = $37,170

**High:** 6 Photographs x 15 months x $619 per month = $55,710

Pursuant to 17 U.S.C. § 504, statutory damages may be awarded up to $30,000 for each instance of non-willful infringement, and up to $150,000 per infringement if the infringement is found to be willful. Pursuant to 17 U.S.C. § 504 the amount of statutory damages to be awarded is completely at the discretion of the Court "as the court considers just" and need not correlate to actual damages suffered. Statutory damages are typically applied in the form of a multiplier of actual damages. Responding Party is also entited to pursue attorneys' fees and costs pursuant to 17 U.S.C. § 505, and interest.

Responsive documents are produced as Werner015669-015885.

**REVISED INTERROGATORY NO. 8:**

Describe in full detail your contention, if any, that BackChina's use of the

Images is not protected by 17 U.S.C. § 512(d) on an Image by Image basis, including all facts and evidence underlying your contention and the particular person(s) with knowledge of those facts and evidence, and describe all documents related to your response and identify them by production number.

**RESPONSE TO REVISED INTERROGATORY NO. 8:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory on the basis that it requests information protected by the attorney-client privilege and/or work product doctrine. Responding Party objects to this Interrogatory insofar as it is not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Without waiving the forgoing objection, Responding Party responds as follows:

The section 512(d) safe harbor provides that:

> A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the provider referring or linking users to an online location containing infringing material or infringing activity, by using information location tools, including a directory, index, reference, pointer, or hypertext link.

17 U.S.C. § 512(d).

First, section 512(d) incorporates by reference the notice and takedown procedure outlined in section 512(c) of the DMCA, which requires notifications be sent to a service providers "designed agent" as outlined in the statute. 17 U.S.C. 512(d)(3). In order to properly appoint a "designated agent" a service provider is required to provide the requisite agent information to the United States Copyright Office for inclusion in its publicly available directory prior to the service, otherwise the service provider cannot avail itself of safe harbor protection. 17 U.S.C. 512(c)(2).

BackChina does not qualify for 512(d) safe harbor because it failed to timely

designate a "registered agent" with the United States Copyright Office prior to the infringing conduct alleged. BackChina first designated an agent with the United States Copyright Office on June 7, 2020, nearly six months after this lawsuit was first filed, and well after the commencement of infringing conduct alleged.

Second, the 512(d) safe harbor protects eligible service providers from liability "by reason of the provider referring or linking users to an online location containing infringing material." BackChina's so called "picture links" are beyond the scope of the 512(d) safe harbor as they do not merely refer or link users to a different online location to view the infringed version of the Photographs, but rather they directly display the infringing Photographs in their entirety directly on www.backchina.com.

Finally, in order to qualify for 512(d) protection, it is required that the service provider:

(A) does not have actual knowledge that the material or activity is infringing;

(B) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or

(C) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;

17 U.S.C. § 512(d)(1).

With respect to the lack of actual or circumstantial knowledge, BackChina has admitted that its employees engaged in the posting of the Photographs at issue. BackChina has also stated that it obtained the Photographs at issue by merely copying them directly from "third party online publications." BackChina's admitted policy of having its very own employees indiscriminately copy photographs from third party websites to be displayed on www.backchina.com constitutes circumstantial knowledge that its activities were infringing because BackChina knew that its employees were intentionally misappropriating content from third party sources without permission.

In addition, the FemSkin and Amazon Eve Photographs each contained a

prominent watermark stating "© Incredible Features." This watermark is clearly visible on those Photographs as they appear on www.backchina.com. The presence of a watermark with the © symbol and identifying Incredible Features should reasonably put BackChina on notice that its activities were infringing.

Person(s) with knowledge of this information would include the person most knowledgeable at BackChina, LLC c/o Ramey & Schwaller, LLP, 5020 Montrose Blvd., Suite 800, Houston, TX 77006.

Responsive documents are produced as Werner015669-015862.

**INTERROGATORY NO. 9:**

Describe in full detail your contention, if any, that BackChina's use of the Image(s) is not is not fair use under 17 U.S.C. § 107 on an Image by Image basis, including identifying all facts and evidence underlying your contention and the particular person(s) with knowledge of those facts and evidence, and describe all documents related to your response and identify them by production number.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to the phrases "describe in full detail;" "Image(s);" and "all documents related to" and "person(s)" as vague and ambiguous. Responding Party objects to this Interrogatory insofar as it is not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory insofar as requests information in the custody or control of Propounding Party. Responding Party objects to this Interrogatory insofar as it calls for information protected by attorney-client privilege and/or work product privilege. Without waiving the forgoing objection, Responding Party responds as follows:

The Copyright Act lists four factors non-exclusive factors that a court must weigh when determining whether a use is fair: (1) the purpose and character of the

use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107.

As to the first factor, the use of the Images is clearly commercial in nature, as BackChina monetizes its Website through paid banner advertisements. In addition, BackChina used the Images for the precise reason for which they were created, i.e. editorial use. Finally, BackChina did not alter the Images or otherwise transform them in any meaningful way.

As to the second factor, photographs are generally viewed as creative, aesthetic expressions of a scene or image and have long been the subject of copyright. 17 U.S.C. § 102(a)(5) expressly extends copyright protection to "pictorial, graphic, and sculptural works." The Images in question are highly unique and creative.

As to the third factor, BackChina did not merely use a "portion" of the Images, but rather displayed complete, unaltered duplicates of the Images onto its Website.

As to the fourth factor, the Images are offered for paid license for editorial use. Unlicensed use of the Images of the sort engaged in by BackChina would severely undermine the market for the Images.

Responsive documents are produced as Werner015669-015862.

**INTERROGATORY NO. 11:**

Describe in full detail your contention, if any, that BackChina's alleged copyright infringement based on its use of the Image(s) is not de minimis on an Image by Image basis, including identifying all facts and evidence underlying your contention and the particular person(s) with knowledge of those facts and evidence, and describe all documents related to your response and identify them by production

number.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to the phrases "describe in full detail;" "Image(s);" and "all documents related to" and "person(s)" as vague and ambiguous. Responding Party objects to this Interrogatory insofar as it is not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory insofar as requests information in the custody or control of Propounding Party. Responding Party objects to this Interrogatory insofar as it calls for a legal conclusion. Responding Party objects to this Interrogatory insofar as it calls for information protected by attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Without waiving the forgoing objection, Responding Party responds as follows:

A taking is considered *de minimis* only if it is so meager and fragmentary that the average audience would not recognize the appropriation. Here, BackChina did not merely use a "meager" or "fragmentary" portion of the Images, but rather displayed complete, unaltered duplicates of the Images onto its Website. Such substantial appropriation cannot be considered *de minimis*.

Responsive documents are produced as Werner015669-015862.

Dated: May 7, 2021                                        Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 Facsimile
*Attorney for Plaintiff*

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On May 7, 2021, I caused to be served the foregoing documents:

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES SET ONE**

X    I hereby certify that I served a copy of the above reference document by Electronic Mail to the following individuals:

Susan S Q Kalra    susan@m-iplaw.com, sqklaw@att.net

Donald H. Mahoney    tmahoney@rameyfirm.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 7, 2021, at Santa Ana, California.

                        **/s/ Ryan E. Carreon**
                        Ryan E. Carreon