Susan S.Q. Kalra, CA SBN 167940
Email: susan@m-iplaw.com
MAHAMEDI IP LAW LLP
1055 West 7th Street, Suite 3300
Los Angeles, CA 90017
Telephone: (213) 433-5960
Fax: (408) 236-6641

William P. Ramey, III (*pro hac vice*)
Email: wramey@rameyfirm.com
Donald H. Mahoney, III, TX Bar No. 24046336
  (admitted *pro hac vice*)
Email: tmahoney@rameyfirm.com
RAMEY & SCHWALLER LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Defendant*
*BACKCHINA, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INCREDIBLE FEATURES, INC.; JEFFERY R. WERNER; and BRIAN R. WOLFF,<br><br>Plaintiffs,<br><br>v.<br><br>BACKCHINA, LLC; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:20-cv-00943-DMG-RAO<br><br>*Hon. Dolly M. Gee*<br><br>**BACKCHINA'S NOTICE OF AND OMNIBUS MOTION *IN LIMINE* NOS. 4-6 UNDER FRE 702 AND *DAUBERT*<br><br>Hearing Date: January 18, 2022<br>Time:  4:00 p.m.<br>Judge:  Hon. Dolly M. Gee<br>Courtroom:  8C |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 18, 2022 at 4:00 p.m. or as soon thereafter as the matter may be heard at the United States Courthouse, 350 West First St., Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, Defendant BackChina, LLC ("BackChina") will and hereby does move this Court for an order *in limine* excluding opinions and testimony of Plaintiffs' expert, Gary Elsner pursuant to Federal Rule of Civil Procedure 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), as such opinion and testimony is unreliable, irrelevant, and unfairly prejudicial. In addition BackChina moves for an order excluding Mr. Elser's testimony to the extent that it constitutes undisclosed opinions that are not supported in Mr. Elsner's report, on the grounds that such opinions and bases are improper under Federal Rule of Civil Procedure 26(a)(2)(B)(i) & (ii).

This motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, all the pleadings and papers filed herein, any argument or evidence that be presented to or considered by the Court prior to its ruling, and all else the Court deems fit.

Counsel for all parties met and conferred on this motion during the Rule 16-2 pre-trial conference, held on January 5, 2022.

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs intend to offer a number of opinions through their designated expert Mr. Elsner at trial. Of those, BackChina objects to the following ones based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

## I. LEGAL STANDARD

This Court considers such motions under the following standards:

Expert testimony is admissible if the party offering such evidence shows that the testimony is both reliable and relevant. Federal Rule of Evidence 702 permits expert testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." A expert can be qualified "by knowledge, skill, experience, training, or education."

A trial court has a "gatekeeping" obligation to admit expert testimony only when it is both reliable and relevant. "In Daubert, the Supreme Court gave a non-exhaustive list of factors for determining whether scientific testimony is sufficiently reliable to be admitted into evidence, including: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the relevant scientific community." The Supreme Court later held that "a trial court may consider one or more" of the Daubert factors in determining the reliability of nonscientific expert testimony. Further, the court has broad latitude to decide how to determine the reliability of the testimony and whether the testimony is in fact reliable. The "test

of reliability is flexible, and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case."[1]

## II. SPECIFIC OBJECTIONABLE OPINIONS AND ARGUMENT

**Motion in Limine 4: Incredible Features' Website**

According to Mr. Elsner, Incredible Features maintains a website where the images at issue can be viewed with login permission.[2] There is no evidence that BackChina obtained the images from this website: "I confirmed that there was no record of Defendant requesting access to Plaintiff IF's website or having made a request to download or license any of Plaintiff IF's images."[3] The existence of the website is not a factor in Mr. Elsner's damages analysis.[4] Thus, evidence of the Incredible Features website is irrelevant, unfairly prejudicial as it falsely suggests BackChina obtained the images from it, and unfairly prejudicial as liability has already been decided. Thus, it is unreliable under *Daubert* and should be excluded.

**Motion in Limine No. 5: Incredible Features' Policy Regarding Resolving Copyright Infringement Claims**

According to Mr. Elsner, Incredible Features "has formulated and accomplished a defined policy regarding the pursuit and resolution of copyright infringement claims as they are uncovered."[5] Plaintiffs did not produce any

---

[1] *Glaukos Corp. v. Ivantis, Inc.*, No. SACV 18-620 JVS (JDEx), 2020 WL 10501851 at *2-3 (C.D. Cal. July 23, 2020) (internal citations omitted).
[2] Ex. A, Elsner Report at 6.
[3] *Id*. at 8.
[4] *Id*. at 12-15.
[5] *Id*. at 9.

4

documents reflecting this policy.  Plaintiffs did not follow this "policy" in this case.[6]  Counsel for BackChina tried to question Mr. Elsner about whether he knew if Plaintiffs followed the "policy" in this case, but counsel for Plaintiffs objected to the questions as calling for subject matter that Mr. Elsner did not have personal knowledge of.[7]  Yet, Mr. Elsner also testified that he was told that Incredible Features followed the "policy."[8]

Mr. Elsner's testimony is internally inconsistent and cannot be reconciled with itself or with the fact that Plaintiff did not follow this "policy."  As such, this evidence is unreliable under *Daubert*.  It is irrelevant and unfairly prejudicial as suggesting that Plaintiffs took a softer approach with BackChina than they actually did.  Thus, it should be excluded.

**Motion in Limine No. 6:  Opinions Not Disclosed In Mr. Elsner's Report**

BackChina generally objects under Federal Rule of Civil Procedure 26(a)(2)(B)(i) & (ii) to any attempted introduction of opinions not disclosed and supported in Mr. Elsner's report.  Such undisclosed opinions and bases are improper and should be excluded.  In addition, on re-direct at his deposition, counsel for Plaintiffs led Mr. Elsner through a number of opinions not disclosed in his report that BackChina specifically asks the Court to exclude now.  These opinions largely concerned features of royalty-free versus rights managed licenses and the application

---

[6] Ex. B, Decl. of Jin.
[7] Ex. C, Elsner depo. at 40:23-45:4.
[8] *Id*. at 44:21-45:4.

of those features to the images in this case. These are at Ex. C, Elsner Depo. 94:21-25; 97:12-101:3; 101:15-102:1; 103:16-104:10; 104:15-105:4; 108:2-25; 112:16-113:17. There is no support in Mr. Elsner's report for these opinions. The questions from Plaintiffs' counsel were improper leading questions directed to their own witness. For all these reasons, evidence about the details and application of royalty-free versus rights managed license features to the facts of this case, among other non-disclosed opinions brought out on redirect in Mr. Elsner's deposition, should be excluded.

**CONCLUSION**

For all the above reasons, the Court should grant BackChina's Motion in Limine Nos. 4-6.

Dated: January 6, 2022          Respectfully submitted,

                                MAHAMEDI IP LAW LLP

                                /s/ Susan S.Q. Kalra
                                Susan S.Q. Kalra, CA SBN 167940
                                1055 West 7th Street, Suite 3300
                                Los Angeles, CA 90017
                                Telephone: (213) 433-5960
                                Fax: (408) 236-6641
                                Email: susan@m-iplaw.com

RAMEY & SCHWALLER LLP

/s/ Donald H. Mahoney, III
William P. Ramey, III (*pending pro hac vice*)
Donald H. Mahoney, III (admitted *pro hac vice*)
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

***Attorneys for Defendant BACKCHINA, LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of January 6, 2022, with a copy of the foregoing via email and ECF filing.

/s/ William P. Ramey, III
William P. Ramey, III